IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 8:18-cv-02596-PWG |
| THE JOSEPH GROUP, LLC et al., | * | |
| Defendants. | * | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Choice Hotels International, Inc. ("Choice Hotels") filed an application to confirm an arbitration award against the Joseph Group, LLC and Charbel Joseph (collectively, "Defendants"). ECF No. 1. Choice Hotels subsequently filed a motion for default judgment against Defendants in the amount of $142,275.00[1] plus post-judgment interest and $400 for the costs of this action. Pl.'s Mot., ECF No. 7. Because I find that I have jurisdiction to confirm the arbitration award and Defendants have not responded and demonstrated any basis for vacating the award, I will grant Choice Hotel's motion for default judgment.

---

[1] Plaintiff's application seeks to confirm the award in the amount of $142,275. *See* Appl. 6. This figure appears to be in error. The arbitrator's award ordered Defendants to pay $25,000 for breach of the agreement and guaranty, $115,200 in liquidated damages, $1,750 in administrative filing and final fees, and $525 in arbitrator expenses, for a total of $142,475. This Memorandum Opinion and Order confirms the award in this amount, and not in the amount cited in Plaintiff's application.

1

## FACTUAL BACKGROUND

On May 17, 2018, an arbitration award was entered in favor of Plaintiff Choice Hotels against Defendants the Joseph Group, LLC and Charbel Joseph jointly and severally. *See* Arbitration Award, ECF No. 1-4. The award consisted of $25,000 in an unpaid affiliation fee and $115,200 in liquidated damages, plus $2,275 in arbitration fees. *See id.*

On August 22, 2018, Choice Hotels filed its application to confirm the arbitration award against Defendants. Appl., ECF No. 1. This was within one year of the arbitration award. *See id.* Defendants the Joseph Group, LLC and Charbel Joseph were properly served on September 18, 2018. *See* ECF No. 5. Defendants were required to file their responses by October 9, 2018, and they have failed to answer or otherwise defend. The Clerk of the Court entered Defendants' defaults on November 6, 2018. ECF No. 9. A hearing is unnecessary to determine the amount of liability given the information provided in the arbitration award, ECF No. 1-4, and affidavit provided by Plaintiff, ECF No. 7-1.

## DISCUSSION

Choice Hotels moves for default judgment with respect to its arbitration award. The Fourth Circuit has stated:

> Judicial review of an arbitration award is "severely circumscribed." *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006). In fact, the scope of judicial review for an arbitrator's decision "is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all – the quick resolution of disputes and the avoidance of the expense and delay associated with litigation."

*Three S. Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) (quoting *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998)). The Federal Arbitration Act provides ("FAA") that

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. "If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive review is limited to those grounds set out in [9 U.S.C. § 10]." *Choice Hotels Int'l, Inc. v. Shriji 2000,* No. DKC-15-1577, 2015 WL 5010130, at *1 (D. Md. Aug. 21, 2015). A court may vacate an arbitration award

> 1) where the award was procured by corruption, fraud, or undue means;
> 2) where there was evident partiality or corruption in the arbitrators, or either of them;
> 3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> 4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). "[T]he party opposing the award bears the burden of proving the existence of grounds for vacating the award." *Choice Hotels Int'l, Inc. v. Austin Area Hosp., Inc.,* No. TDC01500516, 2015 WL 6123523, at *2 (D. Md. Oct. 14, 2015).

Here, Plaintiff has enclosed along with its application an excerpt of the parties' franchise agreement.[2] The excerpt includes an arbitration clause which provides, in part, that "any

---

[2] I observe, though, that Plaintiff did not file the entire agreement or an affidavit attesting that the excerpt was part of a binding, enforceable agreement between the parties. I view this oversight as

3

controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration before either the American Arbitration Association, J.A.M.S., or National Arbitration Forum . . . ." Arbitration Agreement, ECF No. 1-3. The arbitration clause further provides that "[j]udgment on the arbitration award may be entered in any court having jurisdiction" and "[a]ny arbitration will be conducted at our headquarters office in Maryland." *Id.*

As Choice Hotels filed its demand for arbitration against Defendants seeking damages for a breach of their franchise agreement, the arbitration resolved a dispute within the scope of the parties' arbitration clause. *See* Arbitration Agreement; Arbitration Award. And because the arbitration award was made on May 17, 2018, and Choice Hotels' motion was filed on August 22, 2018, the application for arbitration award was timely. *See* ECF 1, 1-4. The parties appear to be diverse, *see* Appl. 1-2, and the amount in controversy satisfies the jurisdictional minimum for diversity jurisdiction in this Court, *see* 28 U.S.C. § 1332(a). Thus this Court has jurisdiction to confirm the arbitration award. *See Austin Area*, 2015 WL 6123523, at *2; *Choice Hotels Int'l, Inc. v. Savannah Shakti Corp.*, No. DKC-11-0438, 2011 WL 5118328, at *3 (D. Md. Oct. 25, 2011). Further, because Defendants have failed to respond to Plaintiffs application, they have not demonstrated any ground for vacating the award. *See Shriji 2000*, 2015 WL 5010130, at *2 (granting default judgment in favor of plaintiff's application to confirm arbitration award when

---

significant because a party's right to seek a court order confirming an arbitration award depends on the existence of an agreement in which the parties "have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 9. For this reason, my order confirming the award in this case will be contingent on further action by Plaintiff. Specifically, as the Order accompanying this Memorandum Opinion states, Plaintiff will have 14 days from the entry of this Order to file a complete copy of the signed franchise agreement or a sworn affidavit verifying that the excerpt is part of a binding, enforceable agreement to which Plaintiff and Defendants were parties.

defendants failed to respond); *Choice Hotels Int'l, Inc. v. Swami Krupa, Inc.*, No. DKC 15-1145, 2015 WL 4430684, at *2 (D. Md. July 17, 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED, on the contingency that Plaintiff must file proof that the contract provisions included in its application were part of an enforceable agreement.

## **ORDER**

Accordingly, it is this day, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff Choice Hotels International, Inc.'s motion for default judgment, ECF No. 7, is GRANTED on the contingency that Plaintiff must, within 14 days of the entry of this Order, file a complete copy of the signed franchise agreement or a sworn affidavit verifying that the excerpt is part of a binding, enforceable agreement to which Plaintiff and Defendants were parties.

2. Upon Plaintiff's timely submission of the signed franchise agreement or a sworn affidavit, this Court will issue an order granting Plaintiff's application to confirm the arbitration award; confirming the award in the amount of $142,475; and entering judgment in favor of Plaintiff and against Defendants the Joseph Group, LLC and Charbel Joseph in the amount of $142,475, plus post-judgment interest at the prevailing rate until paid and costs of $400 (representing the court's filing fee).

Date:

Paul W. Grimm
United States District Judge

5